IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, NA, | No. C -12-05634 EDL |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| ROBERT THOMPSON, et al., | |
| Defendants. | |

Plaintiff has filed a motion to remand this unlawful detainer complaint to Alameda County Superior Court following Defendants' improper removal. Defendants have not opposed the remand motion. Because all parties have not consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), the Court will reassign this matter to a district court judge. Because the motion is unopposed and federal jurisdiction is lacking, the Court recommends granting the motion to remand. This matter is appropriate for decision without oral argument, so the January 22, 2013 hearing is vacated.

**Background**

Plaintiff alleges that it is the owner of the real property located at 6001 Joaquin Murieta #D in Newark, California following a non-judicial foreclosure sale held in accordance with California law. Compl. ¶ 1. Plaintiff alleges that on August 16, 2012, Plaintiff served Defendants with a three-day written notice to quit and deliver up possession of the property to Plaintiff. Compl. ¶ 5; Ex. 2, 3. Defendants did not vacate the property, and remain in possession of the property without Plaintiff's consent. Compl. ¶ 6.

**Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a

State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

**Discussion**

**A.   No Federal Question Jurisdiction**

Defendants based removal on federal question jurisdiction, stating that Defendants' demurrer in state court depended on the determination of Defendants' rights and Plaintiff's duties under the Troubled Assets Relief Program, 12 U.S.C. § 5220. Notice of Removal at ¶¶ 8-10. Plaintiff points out that this case was not removable on this basis because the complaint alleges a single, state law unlawful detainer claim.

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir.

2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. Id. Further, whether a case arises under federal law does not depend upon matters raised in the answer. Holmes, 535 U.S. at 830-31 (". . . whether a case arises under federal patent law 'cannot depend upon the answer.' Moreover, we have declined to adopt proposals that 'the answer as well as the complaint ... be consulted before a determination [is] made whether the case "ar[ises] under" federal law ... .'") (internal citations omitted); Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'").

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. To the extent that Defendants may have raised federal law issues in their responsive pleading in state court, those issues do not provide a basis for removal. Therefore, remand is proper because the complaint, on its face, does not arise under federal law.

**B.     No Diversity Jurisdiction**

Although Defendants did not base removal on diversity jurisdiction, the Court notes that diversity jurisdiction also does not exist. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Defendants have not opposed the motion or made any other effort to show that the statutory minimum of $75,000 has been met, and the face of the complaint shows that it has not been met. The face of the complaint reveals that it was filed as a limited civil case in which the amount in controversy is less than $10,000. See Cal. Code Civ. Proc. § 85. Therefore, the case was not removable as a diversity action and remand is appropriate.

**Conclusion**

Because the Court lacks jurisdiction over this case, the Court recommends granting

3

1  Plaintiff's Motion to Remand.  Any party may serve and file specific written objections to this
2  recommendation within fourteen (14) days after being served with a copy.  <u>See</u> 28 U.S.C. §
3  636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.

Dated: January <u>10</u>, 2013

*signature*

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California